# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRANCES GOSCH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 09-1349-JWL** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the administrative law judge's (ALJ's) step two finding, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

## I. Background

Plaintiff applied for DIB on August 17, 2006 alleging disability since January 1, 2000. (R. 9, 104-08). The application was denied initially and upon reconsideration, and

Plaintiff requested an ALJ hearing. (R. 9, 47-48, 84-85). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Melvin B. Werner on May 19, 2008. (R. 9, 19-46). At the hearing, testimony was taken from Plaintiff and from a vocational expert. Id. On September 29, 2008 ALJ Werner issued an unfavorable decision, finding Plaintiff is not disabled within the meaning of the Act, and denying her application for benefits. (R. 9-18). As relevant for purposes of judicial review, the ALJ found Plaintiff met the insured status requirements of the Act only through September 30, 2000. (R. 9). Consequently, he recognized that Plaintiff must show the onset of disability within the meaning of the Act on or before that date, and concluded that she was not disabled at any time from January 1, 2000 through September 30, 2000. Id.

      The ALJ found that during the relevant period Plaintiff had medically determinable impairments of Crohn's disease, adhesions, and fibroids, but that the other impairments alleged by Plaintiff were not present before September 30, 2000. (R. 11-17). At step two of the sequential evaluation process, the ALJ considered the severity of Plaintiff's impairments and found that through her date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities and therefore, she did not have a severe impairment or combination of severe impairments. (R. 12). Because he found that Plaintiff did not have a severe impairment or combination of impairments, the ALJ found Plaintiff was not disabled within the meaning of the Act, and denied her application. (R. 17-18).

Plaintiff sought Appeals Council review of the hearing decision, but the Council found no reason for review under its rules, and denied Plaintiff's request. (R. 1-5). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)). Section 405(g) of the Act provides that, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is

overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of

4

any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses her RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). Here, the ALJ made his decision at step two, so the burden was at all times on Plaintiff.

Plaintiff claims the ALJ erred in finding that her impairments are not severe because Plaintiff had flares of Crohn's disease about twice a month lasting three to seven days each, resulting in frequent diarrhea, increased fatigue, and abdominal pain; and that during these episodes she was unable to work, would go on a diet of broth and Jell-o, and had to mostly lie down near a bathroom. She argues that the record evidence and the opinions of her treating physicians support her allegations, but that the ALJ also erred in evaluating those medical opinions. In conclusion, Plaintiff argues that the court should

remand for an immediate award of benefits. The Commissioner argues that the ALJ properly determined Plaintiff is not disabled at step two of the sequential evaluation process, that a condition which becomes disabling after expiration of insured status may not form the basis for an award of benefits, and that although the standard at step two is <u>de minimis</u>, Plaintiff has not met that standard. He argues that the ALJ properly considered the evidence relating only to the period before Plaintiff's insured status expired, and properly discounted the retrospective opinions of the treating physicians.

## III. The Step Two Determination

The court finds that remand is necessary because the ALJ's finding that Plaintiff's combination of impairments is not severe is not clearly established by medical evidence. Therefore, the court need not and will not consider Plaintiff's argument that the ALJ did not properly evaluate the opinions of her treating physicians. She may make that argument before the Commissioner on remand.

Although Plaintiff's step two argument relies on record evidence regarding her condition after September 30, 2000, she does not contest the ALJ's finding that her date last insured for DIB was September 30, 2000, and admits the relevant time period for her to establish disability and eligibility for DIB was through that date. (Pl. Br. 4) ("relevant time period through September, 2000"). The record provides no indication that Plaintiff applied for supplemental security income or might be otherwise eligible for benefits after her date last insured for DIB, and Plaintiff presents no argument to that effect. Therefore, the court accepts the ALJ's finding, and will not consider any record evidence tending to

6

indicate a worsening of Plaintiff's condition or an increase in the number or severity of her symptoms or impairments after her date last insured.

### A. The Step Two Standard

A step two determination is based on medical factors alone, and not on vocational factors such as age, education, or work experience. Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); see also 20 C.F.R. § 404.1520(c) ("We will not consider your age, education, and work experience."). It is Plaintiff's burden to provide medical evidence that she had an impairment and how severe it was during the time she alleges she was disabled. 20 C.F.R. § 404.1512(c). The regulations provide that at step two:

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment, and are, therefore, not disabled.

20 C.F.R. § 404.1520(c).

An impairment is not considered severe if it does not significantly limit Plaintiff's physical or mental ability to do basic work activities--the abilities and aptitudes necessary to do most jobs--such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521. The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, a plaintiff must make only a "de minimis" showing. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). Plaintiff

need only show that an impairment would have more than a minimal effect on her ability to do basic work activities. Williams, 844 F.2d at 751. However, she must show more than the mere presence of a condition or ailment. Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)). If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe. Hinkle, 132 F.3d at 1352.

The Secretary of Health and Human Services issued Social Security Ruling (SSR) 85-28 "[t]o clarify the policy for determining when a person's impairment(s) may be found 'not severe' and, thus, the basis for a finding of 'not disabled' in the sequential evaluation of disability." 1983-1991 West's Soc. Sec. Reporting Serv., Rulings 390 (1992). In that ruling, the Secretary cautioned that "A claim may be denied at step two only if the evidence shows that the individual's impairments . . . are not medically severe. . . . If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." Id. at 393.

### B.     The ALJ's Step Two Determination

The ALJ recognized that Plaintiff was hospitalized twice during the relevant period between January and September, 2000. (R. 13-14). The first hospitalization occurred in March 2000, when Plaintiff was found to have an exacerbation of Crohn's disease, and was treated with intra-venous steroids and discharged in good condition. (R. 13) (citing Exs. 4F (R. 228-38), and 5F/3 (R. 241)). Plaintiff was next hospitalized in

May, 2000 and underwent a surgery in which adhesions were identified, severed and cauterized; endometriosis was cauterized; and a follicular cyst was dissected. (R. 229-30).

The ALJ found Plaintiff's allegations of symptoms "not credible to the extent they are inconsistent with finding that the claimant has no severe impairment or combination of impairments." (R. 13). He then discussed the severity of Plaintiff's three medically determinable impairments--Crohn's disease, adhesions, and fibroid:

> Although the claimant stated that her Crohn's symptoms made her unable to work starting in January 2000, medical records at that time showed that symptoms would come and go. Medical records indicate intermittent flares, some caused by dietary choices, were treated effectively within a relatively short time through medication. The medical records from January 2000 through September 2000 do not discuss functional limitations related to the Crohn's disease or provide any work restrictions during this period of time. The medical records do not indicate that the Crohn's disease significantly limited the claimant's physical or mental abilities to perform basic work activities prior to her date last insured. Therefore, it is not a severe impairment.
>
> Dr. Lievens reports that the claimant's Crohn's is characterized by periodic inflammation of the intestine which causes scar tissue to form which can lead to adhesions. This can result in periodic blockages, abdominal pain and diarrhea. (Exhibit 25F). However, the medical records indicate that the claimant frequently treated flares herself, received effective outpatient treatment or as in May of 2000, underwent surgical procedure to resolve the symptoms of the adhesion. The medical records do not indicate that the adhesions significantly limited the claimant's physical or mental abilities to perform basic work activities prior to her date last insured. Therefore, it is not a severe impairment.
>
> In regards to the fibroid impairment, during the relevant time period, the claimant was diagnosed with a small fibroid. However, this fibroid was successfully treated with surgery May 5, 2000. Treating physician, David A. Grainger, M.D., reported that the claimant had "100% relief of her pain."

9

(Exhibit 15F/22). Therefore, this impairment did not meet the 12-month durational criteria for disability. Thus, it is not a severe impairment.

(R. 14-15).

### C. Analysis

As quoted above, the ALJ determined Plaintiff's fibroid did not meet the 12-month duration criterion, and consequently was not severe. Plaintiff does not argue that the ALJ erred in evaluating the severity of the fibroid, and the court will not discuss it further in this opinion.

The ALJ determined the medical records do not indicate that Plaintiff's Crohn's disease and the resulting adhesions "significantly limited the claimant's physical or mental abilities to perform basic work activities prior to her date last insured." (R. 14-15). Therefore, he found these impairments "not severe." Id. The record evidence does not support the ALJ's findings. As the ALJ acknowledged, Plaintiff was hospitalized for these impairments both in March and in May of 2000. There is no evidence in the record that Plaintiff was able to perform any work activities while she was hospitalized, much less to perform basic work activities. Hospitalization, particularly hospitalization which involves surgery or intra-venous administration of drugs, is without doubt a significant limitation of Plaintiff's ability to perform basic work activities. The required showing at step two is de minimis, and in providing evidence of these two hospitalizations resulting from her Crohn's disease and related adhesions Plaintiff has shown the impairments had more than a minimal effect on her ability to perform basic work activities.

The Commissioner's arguments do not convince the court otherwise. As the Commissioner correctly argues, "A nondisabling condition which later develops into a disabling condition after the expiration of a claimant's insured status cannot be the basis for an award of disability benefits." (Com'r Br. 4) (citing Markham v. Califano, 601 F.2d 533, 536 (10th Cir. 1979)). However, the question at step two is whether Plaintiff has a severe impairment, not whether that impairment or combination of impairments is disabling. There is indication in the record that Plaintiff's condition may have worsened after her date last insured, but that question does not affect the question whether the impairments had more than a minimal effect on her ability to perform basic work activities before the date last insured.

The Commissioner also argues that although the severity standard is de minimis, it is not a "toothless tiger," and Plaintiff must show more than the mere presence of an impairment. (Comm'r Br. 5-6). Again, the Commissioner presents a proper understanding of the step two standard. However, Plaintiff has shown more than the mere presence of Crohn's disease and related adhesions before her date last insured; she has shown that this impairment caused her to be hospitalized for both intra-venous and surgical treatment before her date last insured. This is more than the mere presence of an impairment, it is an impairment which was "severe" within the meaning of the Act and the regulations because it had more than a minimal effect on her ability to perform basic work activities.

11

Plaintiff presents her testimony and reports from her treating physicians that <u>before her date last insured</u> she regularly experienced flares of her Crohn's disease which she treated at home but which required her to mostly lie down and to be near a restroom for three to seven days at a time. (R. 34-41, 822-23, 825-26). These flares would significantly limit her ability to perform basic work activities since she would be unable to perform any work activities during these periods. Although the ALJ discounted the opinions of the treating physicians and found Plaintiff's allegations only partly credible, he also noted that "Medical records indicate intermittent flares . . . [which] were treated effectively within a relatively short time through medication," and that "the medical records indicate that the claimant frequently treated flares herself." (R. 14). The ALJ acknowledged the intermittent flares, but did not recognize that these flares themselves reveal more than a minimal effect on Plaintiff's ability to perform basic work activities.

Finally, the court recognizes that the record evidence might be amenable to more than one interpretation. However, the Commissioner has established by SSR 85-28 that where a step two finding of nonseverity is not clearly established by medical evidence, "adjudication <u>must</u> continue through the sequential evaluation process." 1983-1991 West's Soc. Sec. Reporting Serv. 393 (1992) (emphasis added). SSR's are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9 (1990); <u>see also</u> <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The agency's rulings are binding on an ALJ."). Therefore, because the medical evidence is equivocal, it was error to decide this case at step two of the

evaluation process. Remand is necessary for the Commissioner to continue the evaluation process in this case beginning at step three. Plaintiff may make her arguments regarding evaluation of the treating physicians' opinions on remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for proceedings consistent with this opinion.

Dated this 19th day of May 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**